UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 21-CV-6051 (ENV) (RER)

———————————

Juan Sebastian Diaz Saavedra, individually
and on behalf of others similarly situated

versus

Dom Music Box Inc. (d/b/a Music Box)
and
Edison Ortiz

———————————

**REPORT & RECOMMENDATION**

December 5, 2022

———————————

To The Honorable Eric N. Vitaliano
Senior United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

On October 29, 2021, Plaintiff Juan Sebastian Diaz Saavedra ("Plaintiff" or "Diaz Saavedra") commenced this action against Defendants Dom Music Box Inc., d/b/a Music Box ("Dom Music Box" or "Corporate Defendant"), and Edison Ortiz ("Ortiz" or "Individual Defendant") (together, the "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 and 650 *et seq*. (ECF No. 1 ("Compl.")). The Defendants failed to answer or otherwise respond, resulting in entry of default. (ECF No. 14). Plaintiff filed a Motion for Default Judgment against Defendants (ECF No. 16 ("Mot. for Default J.")), which Your Honor referred to me for Report and Recommendation (Order dated 08/02/2022).

1

For the reasons set forth below, I respectfully recommend that the Motion be denied.

## BACKGROUND

I.   Factual Background

Dom Music Box is a New York corporation that, through or with Ortiz, owns, operates, and controls a bar called Music Box located at 40-08 74th Street in Jackson Heights, Queens. (Compl. ¶¶ 2, 17–22). At all relevant times, Dom Music Box was "directly engaged in interstate commerce," used goods and supplies produced outside the State of New York, and, from 2015 through 2021, had a gross annual sales volume of not less than $500,000. (*Id.* ¶¶ 28–29, 34).

In 2010, Diaz Saavedra was hired to work as a bartender at Music Box. (Compl. ¶¶ 4, 15, 30, 32–33). Defendants "possessed substantial control over Plaintiff Diaz's working conditions, and over the policies and practices with respect to [his] employment and compensation[.]" (*Id.* ¶ 23). In particular, Ortiz controlled the terms and conditions of employment for Music Box employees, including Diaz Saavedra, by determining wages and compensation, establishing employee schedules, maintaining employee records, and holding authority to hire and fire employees. (*Id.* ¶¶ 19, 27).

From October 2015 until on or about October 16, 2019, Diaz Saavedra worked at the bar five nights per week, from 10:00 PM until 4:00 AM, totaling thirty hours per week. (Compl. ¶ 36). From August 2021 until on or about September 12, 2021, he typically worked the same shift just one night per week, for a total of six hours per week. (Compl. ¶ 37). Diaz Saavedra was not responsible for keeping track of this time, and Defendants did not use punch cards or any other means to accurately track or record his time. (Compl. ¶ 44, 54).

Diaz Saavedra alleges that he was never paid from 2010 through October 16, 2019, and was paid only thirty dollars for three nights of work from August 2021 through September 12, 2021.

(Compl. ¶¶ 38–40, 48–50, 55). Diaz Saavedra received tips during these periods, but Defendants did not maintain a record of those tips, did not account for tips in any daily or weekly accounting of his wages, and did not provide him with notice that the tips he received would be used to offset any earned wages. (Compl. ¶¶ 42–43, 45, 51–53). Indeed, Diaz Saavedra alleges that Defendants failed to provide him with any notice with respect to his wages, either in the form of a time-of-hire wage notice, an annual wage notice, or a poster displaying state and federal wage-and-hour requirements (Compl. ¶¶ 45, 47, 56, 61, 78), and failed to provide him with accurate wage statements throughout his employment (Compl. ¶¶ 46, 60, 81). Diaz Saavedra alleges that Defendants' willfully failed to keep or provide accurate time and payroll records in order "to disguise the actual number of hours . . . worked, and to avoid paying Plaintiff Diaz properly for his full hours worked," and deliberately failed to properly pay him "pursuant to a corporate policy of minimizing labor costs and denying employees compensation." (Compl. ¶¶ 48–61).

II. Procedural History

Diaz Saavedra filed this action on October 29, 2021. (Compl.). Dom Music Box was served with copies of the Summons and Complaint via the Secretary of State on January 18, 2022. (ECF No. 10). Ortiz was served on January 25, 2022, when copies of the Summons and Complaint were delivered to a person of suitable age and discretion at Music Box, his actual place of business, and were mailed to the same location. (ECF No. 12).

After both Defendants failed to appear, Plaintiff requested that the Clerk of the Court enter default on February 23, 2022. (ECF No. 13). On March 1, 2022, the Clerk of the Court entered notations of default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 14). On June 21, 2021, Plaintiff moved for default judgment against all Defendants. (Mot. for Default J.). Your Honor referred the Motion to me for a Report and Recommendation on August 2, 2022. (Order

3

dated 08/02/2022). More than two months later, Plaintiff served the Motion on the Defendants via first class mail on October 25, 2022, mailing the Motion to "Edison Ortiz c/o Music Box" at the Jackson Heights address listed in the Complaint, and to "Dom Music Box Inc. (D/B/A Music Box)" at 934 Pacific Avenue in Baldwin, New York. (ECF No. 17 ("Cert. of Service")).

## DISCUSSION

I. Legal Standard

Federal Rule of Civil Procedure 55 imposes a "two-step process for obtaining default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, where a party's failure to respond is "shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, the plaintiff must then petition the court for an entry of default judgment pursuant to Rule 55(b)(2). *See Priestley*, 647 F.3d at 505.

When considering a motion a default judgment, the court must accept as true the plaintiff's well-pleaded factual allegations. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court must then determine whether the plaintiff's factual allegations, taken as true, constitute a valid claim for which relief can be granted. *See N.Y.C. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d. Cir. 2011) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir. 1981)). The Second Circuit has noted that default judgment "must remain a weapon of last, rather than first, resort," *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 54 (E.D.N.Y. 2008) (quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d. Cir. 1981)), and has expressed an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Accordingly, "[a] party is not entitled to a default judgment as a matter of right simply because its adversary fails to answer or otherwise respond to a complaint." *Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-CV-2798 (RJD) (RER), 2021 WL 3518279,

at *3 (E.D.N.Y. May 4, 2021) (quoting *First Specialty Ins. Corp. v. Diontech Consulting, Inc.*, No. 10-CV-2559 (CBA) (RER), 2012 WL 748619, at *3 (E.D.N.Y. Mar. 7, 2012)), *adopted by* 2021 WL 2702571 (July 1, 2021).

II.  Plaintiff's Motion Violates the Court's Rules and the Servicemembers Civil Relief Act

"Where the movant is represented by counsel, as plaintiffs are here, a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules." *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015); *see also Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.").

A.  Local Rule 7.1

Plaintiff's Motion violates Local Rule 7.1 and Your Honor's individual rules, as it contains no memorandum of law. Local Rule 7.1 requires that all motions include (1) a notice of motion; (2) "A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined"; and (3) supporting affidavits and exhibits thereto containing necessary factual information. Loc. Civ. R. 7.1.[1]

Although Plaintiff's counsel submits an attorney declaration in support of the Motion containing his legal argument (*see* ECF No. 16-1 ("Palermo Decl.")), such an affirmation does not take the place of a memorandum of law. *See Dejana Indus., Inc. v. Vill. of Manorhaven,* No. 12-

---

[1] Your Honor's individual rules incorporate this requirement by reference and specifically indicate that the requirement applies to motions for default judgment. *See* Individual Motion Practice and Rules of Judge Eric N. Vitaliano ("Individual Rules") at III.F. ("After an entry of default by the Clerk of Court, a motion for default judgment shall be made in accordance with Local Civil Rules 7.1 and 55.2[.]"), https://www.nyed.uscourts.gov/pub/rules/ENV-MLR.pdf.

CV-5140 (JS) (SIL), 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation."); *see also Dell's Maraschino Cherries Co. v. Shoreline Fruit Growers, Inc.,* 887 F.Supp.2d 459, 465 n.3 (E.D.N.Y. 2012) ("Placing legal argument in an affidavit is plainly improper[.]"); *Timothy Coffey Nursery Landscape Inc. v. Soave,* No. 17-CV-1436 (SJF) (ARL), 2018 WL 11211498, at *1 n.1 (E.D.N.Y. Jan. 8, 2018) (declining to consider attorney affirmations "to the extent these materials [improperly] contain legal argument"), *aff'd*, 760 F. App'x 58 (2d Cir. 2019).[2]

Accordingly, Plaintiff's failure to include a memorandum of law "alone is sufficient to warrant denial of the motion for default judgment." *Sarwar v. James Motel, Inc.*, No. 21-CV-27 (EK) (RER), 2022 U.S. Dist. LEXIS 100892, at *8 (E.D.N.Y. June 6, 2022) (quoting *Burbon v. Needlepaint LLC*, No. 21-CV-1678 (EK) (RER), 2022 U.S. Dist. LEXIS 63467, at *8 (E.D.N.Y. Apr. 5, 2022)); *see also Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) ("The absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's motion."); *Guangzhou Yongjia Garment Mfg. Co. v. Zoomers Inc.*, No. 19-CV-2759 (NGG) (LB), 2020 WL 5578936, at *5 (E.D.N.Y. Aug. 28, 2020) (denying a motion for default judgment for failing to comply with the Local Rules, including by omitting a memorandum of law), *adopted by* 2020 WL 5577706 (Sept. 17, 2020); *Bhagwat*, 2015 WL 13738456, at *1 (same).

B.  Local Rule 55.2(c)

---

[2] In addition to including improper legal argument, Mr. Palermo's Declaration contains numerous references to unpaid "overtime wages," "overtime compensation," and "spread of hours pay," none of which are requested by Plaintiff or have a factual basis in the Complaint. (*See* Palermo Decl. ¶¶ 34–35, 40, 45–46, 49).

6

Plaintiff's Motion also violates Local Rule 55.2(c). Under that rule, "all papers submitted to the Court" in connection with a motion for default judgment must "simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) . . . . Proof of such mailing shall be filed with the Court." Loc. Civ. R. 55.2(c). Courts in this District "strictly construe[]" these requirements, and have found that a movant's "failure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment." *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019) (alteration omitted) (quoting *Feng Lin v. Quality Woods*, *Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 WL 1450746, at *7 (E.D.N.Y. Jan. 28, 2019), *adopted by* 2021 WL 4129151 (Aug. 10, 2021) (denying default judgment, in part, because plaintiff served motion for default judgment at individual defendants' business address, instead of residential addresses), *adopted by* 2019 WL 955279 (Feb. 26, 2019). Proper "[s]ervice of the motion on non-appearing defendants is of particular importance, because 'mailing notice of such an application is conducive to both fairness and efficiency." *Miss Jones, LLC*, 2019 WL 926670, at *4 (quoting Committee Note, Loc. Civ. R. 55.2; citing *Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co.*, No. 08-CV-5070 (DLI), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011)). Plaintiff failed to comply with Local Rule 55.2(c) in three respects.

First, without explanation, Plaintiff failed to "simultaneously" mail the motion papers to the Defendants pursuant to Local Civil Rule 55.2(c), instead mailing the Motion to the Defendants and filing proof of service on October 25, 2022, more than four months after the initial filing. (*See* Cert. of Service).

Second, this delayed certificate of service indicates that an individual named Jose Hernandez mailed "a copy of the Motion for Default Judgment . . . (Dk. No. 16)" to the Defendants, but

7

contains no indication or proof that copies of all of the moving papers submitted in support of the Motion (ECF Nos. 16-1–16-9) were also mailed. *Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452 (AMD) (VMS), 2021 WL 8317120, at *4 (E.D.N.Y. July 22, 2021) ("There is no indication or proof that copies of the Notice of Motion at ECF No. 15 or the Memorandum of Law at ECF No. 17 were mailed to Defendants. . . . The absence of proof that 'all papers submitted to the Court' were mailed to Defendants counsels against granting Plaintiff's motion for default judgment."); *see also Umala v. Skylight Holdings Inc.*, No. 20-CV-1176-EK-SJB, 2021 WL 7908033, at *4 (E.D.N.Y. Feb. 3, 2021) ("Plaintiffs did not file proof of mailing of this motion and its accompanying exhibits to the defaulting defendants on the Docket, as required by Local Rule 55.2(c). Therefore, the motion is also denied on this basis.").

Third, it is not clear that Ortiz was served at his last known residential address as required by Local Rule 55.2(c). "Generally, failure to show that an individual defendant was mailed the default judgment motion papers at his or her last known residence warrants denying the motion against the individual." *Guanglei Jiao v. Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 6370148, at *8 (E.D.N.Y. Aug. 11, 2020), *adopted by* 2020 WL 5105063 (Aug. 31, 2020).[3] "[C]ourts look to the pleading or motion papers to determine whether plaintiff properly mailed its default judgment papers in accordance with Local Rule 55.2(c)." *J&J Sports Prods., Inc. v. Vergara*, No. 19-CV-2382 (FB) (VMS), 2020 WL 1034393, at *5 (E.D.N.Y. Feb. 6, 2020), *adopted by* 2020 WL 1031756 (Mar. 3, 2020) (citing *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019), *adopted by* 2019 WL 1172381 (Mar. 13, 2019); *Feng Lin*, 2019 WL 1450746, at *7)). Here, the delayed certificate of

---

[3] Again, Your Honor's individual rules underscore these requirements. *See* Individual Rules at III.F ("A motion for default judgment shall be made in accordance with Local Civil Rule 55.2(c), which, notwithstanding service on any other person, must include service at the last known address of the defaulting party.").

8

service indicates that the Motion was mailed to Ortiz "c/o Music Box" at the address of the bar itself, rather than Ortiz's last known residential address. (Cert. of Service). However, nothing in the record suggests that Ortiz lives at the bar, or that the Baldwin address associated only with the corporate entity in the record[4] is Ortiz' last known residence. *See Vergara*, 2020 WL 1034393, at *5 ("Without any representation in the record that [the address to which motion papers were sent] is [defendant's] last known residence, the [c]ourt is left questioning whether [defendant] properly received notice of the motion for default judgment against him."). Therefore, Plaintiff failed to satisfy the service requirement. *See, e.g.*, *Allstate*, 2019 WL 1177854, at *3 ("By using the business address [of an individual] to serve the motion, [the plaintiff] failed to comply with this requirement.").

Accordingly, Plaintiff's unexplained delay in notifying either Defendant of the instant Motion, his failure to indicate that copies of *all* the relevant motion papers were mailed, and his failure to establish that the motion papers were mailed to Ortiz's last known residence, provide additional grounds to deny Plaintiff's Motion at this time. *Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182 (CBA) (VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) (citing *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012)) ("Plaintiff's failure to comply with Local Civil Rule 55.2 alone warrants denial of the motion, without prejudice to renew with an affidavit demonstrating proper service."), *adopted by* 2015 WL 7430008 (Nov. 23, 2015)); *see also Feng Lin*, 2019 WL 1450746, at *7–8; *Abramov*,

---

[4] The Baldwin address is listed as the service address for Dom Music Box in the summons issued by the Court in this action (ECF No. 5-1), and corresponds with the service address listed by New York's Secretary of State, *see Dep't of State, Div. of Corps., Corp. & Bus. Entity Database Searches*, https://apps.dos.ny.gov/publicInquiry/ (last visited Nov. 3, 2022); *J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171, 2018 WL 4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018) (internal citation omitted) ("The Court can and does take judicial notice of information from the New York Secretary of State's website."). However, the Baldwin address is not associated with Ortiz or listed as his residence anywhere in the record.

2019 WL 1177854, at *3, *5; *United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26, 2019) (denying motion for default judgment without prejudice for failure to comply with Local Rule 55.2(c)), *adopted by* 2019 WL 6828276 (Dec. 13, 2019).[5]

C.   Servicemembers Civil Relief Act

Finally, Plaintiff's Motion does not comply with the Servicemembers Civil Relief Act. "The Act requires a plaintiff seeking default judgment to 'file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit.'" *Vergara*, 2020 WL 1034393, at *6 (quoting 50 U.S.C. § 3931(b)(1); citing *Bhagwat*, 2015 WL 13738456, at *1; *Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1–2 (E.D.N.Y. Sept. 26, 2018)). "The affidavit must provide the specific facts necessary to support the conclusion stated, and may not be based on conclusory statements or on 'information and belief.'" *Uribe*, 2018 WL 4861377, at *1 (quoting 50 U.S.C. § 3931(b)(1)). Further, "[t]he non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered." *Vergara*, 2020 WL 1034393, at *6 (quoting *Pruco Life Ins. Co. of*

---

[5] In some instances, courts have excused a plaintiff's failure to comply with Local Rule 55.2(c) in light of special circumstances. *See Jiao*, 2020 WL 6370148, at *8 (overlooking plaintiff's failure to mail motion papers to individual defendants "last known residence," where motion papers were sent to address individual defendants had previously indicated was their "preferred contact address."); *In re D'Ancona*, No. 19-CV-5492 (EK) (VMS), 2021 WL 4482615, at *2 (E.D.N.Y. May 24, 2021) ("Courts have excused a movant's failure to strictly comply with the Local Civil Rules if a defendant received fair notice of the motion for default judgment."), *adopted by* 2021 WL 4480676 (Sept. 30, 2021); *United States v. Kumar*, No. 19-CV-4501 (ENV) (VMS), 2021 WL 7908019, at *7 (E.D.N.Y. Mar. 19, 2021) ("The [plaintiff's] noncompliance [with Local Civil Rule 55.2] was corrected . . . when [they] served . . . all of the necessary documents including the certificate of default and complaint to [d]efendant at her home address."), *supplemented* 2021 WL 7908013 (Mar. 29, 2021). Here, however, no apparent special circumstances justify overlooking Plaintiff's failure to comply with Local Rule 55.2(c)'s mailing requirements.

10

*N.J. v. Estate of Locker*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012).[6]

At the outset of this action, Plaintiff's process server confirmed that "Edison Ortiz C/O Music Box" was not in active military service by asking the individual that accepted service "whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply." (ECF No. 12). However, this pre-default "investigation" into Ortiz's military status is insufficient. *See Vergara*, 2020 WL 1034393, at *6; *see also Sudilovskiy v. City WAV Corp.*, No. 22-CV-469 (DG), 2022 WL 4586307, at *3 (E.D.N.Y. Sept. 29, 2022) (noting "process server's statement that he was told by the unidentified person with whom he left the summons and complaint that [defendant] was not in the military service is . . . insufficient" and "a proper non-military affidavit must be based on facts adduced from an investigation conducted after a defendant defaults."). Following the Clerk's entry of default, Plaintiff's counsel averred in a declaration submitted with the instant Motion—"upon information and belief" and based on his client's declaration—that both Music Box and Ortiz "are neither infants nor incompetent persons, and are not in the active service of the United States Military." (Palermo Decl. ¶ 11 (citing ECF No. 16-6 ("Diaz Saavedra Decl.") ¶ 7). Diaz Saavedra similarly averred that "to [his] knowledge Defendant Ortiz is not in the military service of the United States." (Diaz Saavedra Decl. ¶ 7). Because the only declarations submitted in support of the Motion conclusorily state that Ortiz is not a servicemember, without providing any facts to support that

---

[6] Yet again, Your Honor's individual rules underscore these requirements, which helpfully direct litigants to the website where certification regarding military status may be obtained. *See* Individual Rules at III.F ("[T]he movant for default judgment must append to its motion an affidavit containing facts to support a finding that an investigation into whether the defaulting party is in the military was conducted *after* entry of default by the Clerk of Court. Certification of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website: https://scra.dmdc.osd.mil.") (emphasis in original).

11

assertion, the Court cannot rely on them to satisfy the requirements of the Act. *See, e.g.*, *Vergara*, 2020 WL 1034393, at *6; *Uribe*, 2018 WL 4861377, at *2. Further, because "[t]he court lacks the power to excuse compliance with the statute," *Sudilovskiy*, 2022 WL 4586307, at *3 (quoting *Uribe*, 2018 WL 4861377, at *1), the Motion for Default Judgment against Ortiz should be denied.

\*\*\*

Based on these deficiencies, I respectfully recommend that the Motion for Default Judgment be denied without prejudice.

III. <u>Additional Issues</u>

In addition to the above referenced procedural deficiencies, the Court has identified two additional substantive issues that warrant consideration.

*First*, Plaintiff does not supply the Court with sufficient information to calculate damages with respect to his minimum wage claims. The damages calculations submitted with the instant Motion indicate that the applicable "minimum wage rate" during the relevant time periods was $8.75 in 2015, $9.00 in 2016, $11.00 in 2017, $13.00 in 2018, and $15.00 thereafter. (ECF No. 16-7; *see also* Palermo Decl. ¶ 36). Accordingly, Plaintiff appears to apply the minimum wage for "large employers" in New York City that have "eleven or more employees." *See* N.Y. Lab. Law § 652(1)(a)(i); *see also* 12 N.Y. Comp. Codes R. & Regs. § 142-2.1. However, neither the Complaint nor the supporting materials submitted in connection with his Motion for Default Judgment contain allegations or information regarding the number of individuals employed at Music Box such that the Court can evaluate whether that is the appropriate minimum wage rate. Therefore, even assuming that the Defendants are liable for the minimum wage violations alleged, the Court would not be able to award damages without this additional information.

*Second*, Plaintiff does not clearly state a wage notice claim, and in any event cannot recover the statutory maximum that he seeks for such a claim.

Plaintiff requests $5,000 in statutory damages for Defendants' failure to comply with the wage notice provisions of the NYLL. (Compl. ¶¶ 47, 61, 78–79). Specifically, New York's Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law § 195(1), requires that employers provide employees in English and in their primary language "a [written] notice containing . . . the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip . . . allowances[.]" N.Y. Lab. Law § 195(1). This section, enacted in April 2011, required employers to provide written wage notices "'at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer" until February 27, 2015, and thereafter required "written wage notices only 'at the time of hiring.'" *Cabrera v. Canela*, 412 F. Supp. 3d 167, 184 (E.D.N.Y. 2019) (first quoting N.Y. Lab. Law § 195(1-a) (eff. Apr. 9, 2011 to Feb. 27, 2015) then quoting 2014 N.Y. Laws ch. 537 § 1, amending N.Y. Lab. Law § 195(1-a)). Plaintiffs who establish a violation of the WTPA are entitled to statutory damages of "fifty dollars for each work day that the violations occurred . . . . not to exceed a total of five thousand dollars." N.Y. Lab. Law § 198(1-b). However, the WTPA does not apply retroactively: where a "plaintiff was hired prior to the effective date of the WTPA, he is not entitled to statutory damages for defendants' failure to provide a wage notice at the time of his hiring" *Cabrera*, 412 F. Supp. 3d at 184–85 (collecting cases); *Quartararo v. J. Kings Food Serv. Pros., Inc.,* No. 17-CV-7390 (RRM), 2021 WL 1209716, at *12 (E.D.N.Y. Mar. 31, 2021) ("Since each of the plaintiffs began their employment well before 2011, they are not entitled to any money damages for [defendants'] failure to provide notices upon hiring.").

13

Here, Plaintiff alleges that he first began working at Music Box in "approximately 2010," and that Defendants failed to provide him with a time of hire wage notice or with an annual wage notice on or before February 1 of each year thereafter during his first period of employment. (Compl. ¶ 15, 61). Since Plaintiff was hired before the effective date of the WTPA, he is not entitled to statutory damages for a time of hire wage notice violation that occurred during his first period of employment. *See, e.g.*, *Cabrera*, 412 F. Supp. 3d at 184–85; *Quartararo*, 2021 WL 1209716, at *12.

Further, the statute did not provide a private right of action for annual wage notice violations that occurred between 2012 and 2015. *See Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 659 (E.D.N.Y. 2020) (quoting *Bravo v. Rodriguez*, No. 18-CV-5807 (BMC) (RER), 2020 WL 4586391, at *3 (E.D.N.Y. Aug. 10, 2020) ("Based on the language of the statute, which provides no right to damages for failure to provide annual notices, I agree with the 'many courts' that 'have held that employees may not bring a claim based on the annual wage notices.'"); *Remache v. Mac Hudson Grp.*, No. 14-CV-3118 (AMD) (RML), 2018 WL 4573072, at *17 (E.D.N.Y. Sept. 7, 2018) ("Even though the Act, prior to the 2015 amendments, required annual wage notices, it did not provide that employees could recover civil damages for a violation of this requirement."), *adopted* 2018 WL 4568860 (Sept. 24, 2018); *Martinez v. Alimentas Saludables Corp.,* No. 16-CV-1997 (DLI) (CLP), 2017 WL 5033650, at *19–20 (E.D.N.Y. Sept. 22, 2017) (noting that "employees hired after April 9, 2011 may sue for damages under Section 198(1-b) if they were not provided with the initial wage notice upon hiring as required by Section 195(1)(a), but longer term employees, hired before 2011, have no right to recover damages" and concluding that "[§] 198(1-b) does not provide for damages for annual notice violations" for the years that requirement was in effect). Even if such violations were compensable, they would have accrued before October 29,

2015 and would therefore be time-barred in this case. *See Jian Cheng Liu v. Kueng Chan*, No. 18-CV-5044 (KAM) (SJB), 2020 WL 978857, at *10 (E.D.N.Y. Feb. 28, 2020) (citing *Kim v. Kum Gang, Inc.*, No. 12 Civ. 6344 (MHD), 2015 WL 2222438, at *32 (S.D.N.Y. Mar. 19, 2015); N.Y. Lab. Law § 198(3)) (finding plaintiff "plausibly states a claim for defendants' failure to provide annual notices on or before February 1, 2012, 2013, 2014, and 2015, until the annual notice requirement was stricken" but that "[t]he alleged 2012 violation . . . would have pre-dated September 6, 2012, and is time-barred by the NYLL's six-year statute of limitations.").

To the extent Plaintiff's Complaint suggests—but does not specifically state—that he was not continuously employed by Defendants, but began a second, separate period of employment in August 2021 (Compl. ¶ 15, 32, 37), Plaintiff's statutory damages would be limited to fifty dollars for each of the days that he allegedly worked during that six-week period, for a total of $300.00. *See Martinez*, 2017 WL 5033650, at *20–21 (denying damages for periods of employment that occurred before the WTPA was amended, but calculating statutory damages for subsequent periods of employment that occurred after the amendment); *see also Escalante v. Lonestar Sports Bar & Grill, Inc.*, No. 21-CV-3900 (BMC), 2021 WL 5084063, at *2 (E.D.N.Y. Nov. 2, 2021) (rejecting plaintiff's claim for maximum statutory damages where those damages "had been owed for more than six years, [were] time-barred, and . . . did not accrue anew because plaintiff was not re-hired at any time during the limitations period.").

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied without prejudice.

Plaintiff is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric N. Vitaliano within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: December 5, 2022
Brooklyn, NY